IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tressa R. Glover-Parker, | ) | C/A No.: 5:05- 1207-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Orangeburg Consolidated School District, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. For the reasons stated herein, the court affirms the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed the instant action on April 25, 2005.[1] In her complaint, plaintiff alleges

---

[1] It is important to note that plaintiff has filed multiple lawsuits (all of which lacked merit) with the court in recent years. In fact, a review of the court's records shows that plaintiff has filed ten other lawsuits (in addition to the present action) with the court over the last three years.

1

nine causes of action against defendant, which include, inter alia, (1) sexual harassment in violation of title VII; (2) gross negligence resulting in the infliction of severe emotional distress, mental anguish, and humiliation; (3) breach of contract; (4) tortious interference with contract; (5) failure to provide a reasonable accommodation in violation of the ADA; and (6) refusal to allow plaintiff to return to her job in violation of the ADA. All of plaintiff's claims arise out her employment with defendant as an application analyst or manager of the department of information technology beginning in 1997.[2]

At the time plaintiff filed her complaint, she was represented by counsel. However, on May 30, 2006, plaintiff's counsel was permitted to withdraw from the present action, and plaintiff has been proceeding *pro se* since that time. Defendant timely filed its answer on June 20, 2005 denying all of plaintiff's allegations. On September 20, 2006, plaintiff filed her motion for summary judgment. Similarly, on November 10, 2006, defendant moved for summary judgment on all of plaintiff's claims. In short, defendant claimed that plaintiff failed to present any evidence sufficient to support any of her alleged causes of actions.

The Magistrate Judge assigned to this action has prepared a comprehensive Report wherein he suggests that defendant's motion for summary judgment be granted as to all of plaintiff's federal claims.[3] Additionally, the Magistrate Judge recommended that the

---

[2] According to the Report, plaintiff was originally hired by defendant in 1997 for the position of manager of information technology. However, as a result of a reorganization within department, her job title was switched to application analyst in 2001. The terms and benefits of plaintiff's employment were not altered by the job change.

[3] An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Plaintiff responded to the motion.

2

remaining state law claims be dismissed without prejudice so that they can be pursued in state court. Finally, the Magistrate Judge recommended that plaintiff's motion for summary judgment be denied. The Report sets forth in detail the relevant facts and standards of law on this matter.

The parties were advised of their rights to file objections to the Report.[4] Plaintiff filed her objections on June 5, 2007. However, plaintiff has not provided the court with any specific objections to the Report.[5] After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Finally, the court recognizes that most (if not all) of plaintiff's remaining state law claims are governed by the South Carolina Tort Claims Act. See S.C. Code Ann. §§ 15-78-

---

[4] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Thomas v. Arn, 474 U.S. 140, 150 (1985). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas, 474 U.S. at 155 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

[5] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 *(4th Cir. 1982).

10 et seq. (1989). Under the Act, the statute of limitations is normally two years from the date of the alleged injury.[6] See S.C. Code Ann § 15-78-110. Based on the evidence submitted to the court, most of plaintiff's alleged injuries apparently occurred sometime in 2003. Thus, if and when plaintiff files her remaining state law claims in state court after her present case is dismissed, she would normally face a possible statute of limitations defense because the two-year period for her state claims has clearly run in this case.

However, because the court is declining to exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(c), the period of limitations for these supplemental state law claims has been tolled while it has been pending in federal court. See Jinks v. Richland County, S.C., 538 U.S. 456, 463-464 (2003)(noting 28 U.S.C. 1367(d) assures that supplemental state law claims will not become time barred while pending in federal court). Upon dismissal of these remaining state claims, plaintiff will be given at least an additional thirty days to file these claims in state court. See 28 U.S.C. 1367(d)(stating "[t]he period of limitations for any [supplemental state] claim...shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.");; But see Ketema v. Midwest Stamping Co., 180 Fed. Appx. 427, 428 (4th Cir. 2006)(finding that the district court abused its discretion in declining to exercise its supplemental jurisdiction under § 1367 because plaintiff's state law claims would be time-barred in state court). This brief window of protection that 1367(d) provides plaintiff against a potential statute of limitations defense in state court is not insignificant  As one federal

---

[6] The statute of limitations for a claim under the South Carolina Tort Claims Act can be extended to three years  if a plaintiff files a statutorily-defined verified claim pursuant to S.C. Code Ann § 15-78-80.

4

district court has explained:

> An adverse impact that might result from the dismissal of state law claims pre-§ 1367 would be the inability to assert the claims in state court as a result of the running of the applicable statute of limitations. The potential statute of limitations problem has been eliminated by the provisions 28 U.S.C. § 1367(d), which tolls the running of the limitations while the pendent claims have been pending in this court and for a period of thirty days after they are dismissed, unless state law provides for a longer tolling period. Lewis v. Law-Yone, 813 F.Supp. 1247, 1257 (N.D. Tex. 1993).

Accordingly, plaintiff will not be prejudiced by this court's decision to decline exercising supplemental jurisdiction over her remaining state law claims. Plaintiff may file these remaining state law claims in the appropriate state court.

Based on the foregoing discussion, defendant's motion for summary judgment is granted in part as to plaintiff's federal claims [doc. #45].[7] The court also dismisses without prejudice plaintiff's remaining state law claims to be further pursued in state court.[8] Finally, plaintiff's motion for summary judgment is denied [doc. #38].

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

June 12, 2007                                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                                    United States District Judge

---

[7] These federal claims include plaintiff's first, eighth, and ninth causes of action.

[8] The remaining state law causes of action include, inter alia, (1) outrage; (2) negligent infliction of emotional distress; (3) breach of contract; and (4) tortious interference with contract.

5